UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UTICA MUTUAL INSURANCE COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> HERBERT H. LANDY INSURANCE AGENCY INC, <br><br> Defendant. | * <br> * <br> * <br> * <br> * <br> * Civil Action No. 1:13-cv-11471-IT <br> * <br> * <br> * <br> * <br> * |

ORDER

May 29, 2015

TALWANI, D.J.

Before the court is Plaintiff Utica's Assented-to Motion to Vacate Court's Memorandum & Order on Parties' Cross-Motions for Summary Judgment [#87]. In the motion, Utica, pursuant to Federal Rules of Civil Procedure 60(b)(6) and 62.1, and with the assent of Defendant Landy, requests that the court vacate its October 28, 2014 Memorandum & Order [#73] (the "Order") denying its motion for summary judgment and allowing Landy's cross-motion for summary judgment. In light of Utica's pending appeal, this request is made pursuant to the procedure outlined in Commonwealth of Puerto Rico v. SS Zoe Colocotroni, 601 F.2d 39 (1st Cir. 1979).

The standard by which the court must analyze Utica's request for vacatur is governed by two intersecting standards. Under Rule 60(b)(6)'s catch-all provision, a court may vacate a final judgment for "any other reason that justifies relief." A party seeking relief under this provision must "show 'extraordinary circumstances' justifying the reopening of a final judgment." Gonzalez v. Crosby, 545 U.S. 524, 535 (2005). Similarly, to justify vacatur of a judgment under

review, a party must demonstrate that "exceptional circumstances" exist for such action. U.S. Bancorp Mortgage Co. v. Bonner Mall P'ship, 513 U.S. 18, 29 (1994). "[E]xceptional circumstances do not include the mere fact that the settlement agreement provides for vacatur." Id.

In support of its request, Utica cites Motta v. Dist. Dir. of INS, 61 F.3d 117, 119 (1st Cir. 1995). In that case, the First Circuit found that "exceptional circumstances" warranted vacatur of the district court's decision where the First Circuit itself prompted the respondent-appellant District Director of Immigration & Naturalization Services ("INS") to agree to extend to the appellee a temporary stay from deportation if the lower court decision were vacated, and where "the INS, as a repeat player before the courts, [was] *primarily* concerned with the precedential effect of the decision below." Id. at 118 (emphasis in original).

Here, in contrast, Utica has failed to show how the present circumstances constitute more than "the mere fact that the settlement agreement provides for vacatur." Bonner Mall P'ship, 513 U.S. at 29. Because the court "find[s] nothing exceptional in the parties' settlement that would justify vacating . . . the prior judgment," Vertex Surgical, Inc. v. Paradigm Biodevices, Inc., 648 F.Supp.2d 226, 229 (D. Mass. 2009), it DENIES Utica's Assented-to Motion to Vacate Court's Memorandum & Order on Parties' Cross-Motions for Summary Judgment [#87].

IT IS SO ORDERED.

Date: May 29, 2015 /s/ Indira Talwani
United States District Judge